LOUIS E. ALLEN and others *vs.* DANIEL F. McCARTHY.

October 10, 1887.

**Parties—Capacity to Sue—Trade-Mark.**—Upon the question whether a complaint in an action brought by plaintiffs, as "officers and members of the Cigar-Makers' Protective Union, No. 98, of the State of Minnesota, a branch and member of the Cigar-Makers' International Union of America, composed of local union societies," to restrain defendant from putting up, selling, stamping, or offering for sale any boxes containing any cigars whatever, having posted, placed, or put thereon a label or trade-mark in imitation of plaintiffs' label, and having thereon the words "Union-Made Cigars," shows a proprietary interest in plaintiffs in the trade-mark or label entitling them to maintain the action—the court is equally divided. [Rep.

Appeal by defendant from an order of the district court for Ramsey county, *Simons*, J., presiding, overruling a demurrer to the complaint, the allegations of which are, in substance, as follows: The plaintiffs, Louis E. Allen, Charles R. Frey, and Julius Adams, are officers and members of the Cigar-Makers' Protective Union, No. 98, of the State of Minnesota, a branch and member of the Cigar-Makers' International Union of America, composed of local union societies, and bring this action as well for themselves as for said unions, the object of the action being common and beneficial to all unions and members of said societies, as well in this state as in the United States; and by reason of the great number of persons, amounting to many thousands, belonging to said unions and interested therein, it would be and it is impossible to bring all of said parties and persons so interested before the court as plaintiffs. The objects of the organizations are, among other things, to resist all oppression of practical cigar-makers who make a living by cigar-making, to secure just payment for their labor, and to advance the interests of the members. To carry out these objects, and to protect the members from fraud and imposition, long prior to the commencement of this action the unions devised and adopted a label or trade-mark, having thereon the words "Union-Made Cigars," for the exclusive use and protection of those manu-

facturers and others who employ the labor of members of the unions. By reason of the experience and care of the members of the unions, the cigars contained and put up in boxes labelled with their trade-mark have become widely and favorably known and command an extensive sale, which is a source of great profit to plaintiffs and said unions. Defendant is a jobber and dealer in cigars, but is not a member of said unions, does not employ members of said unions, and does not deal in cigars made by members of said unions. Defendant, although knowing the long and quiet use by plaintiffs of their trade-mark, has heretofore and is now engaged in vending and disposing of cigars in fraud of the rights of plaintiffs, and, with intent to deceive the public, is using a false, forged and fraudulent label or trade-mark in imitation of the plaintiffs' trade-mark. Such fraudulent trade-mark is calculated to and does deceive purchasers and consumers of the cigars manufactured by plaintiffs. Upon these facts the plaintiffs asked judgment restraining the defendant from using said trade-mark or any trade-mark in imitation thereof. The grounds of demurrer were that it appears upon the face of the complaint (1) that plaintiffs have not legal capacity to sue, and (2) that the complaint does not state facts sufficient to constitute a cause of action.

*C. D. O'Brien,* for appellant.

*E. St. Julien Cox,* for respondents.

*By the Court.* The four judges of this court by whom this case was finally considered were unable to come to an agreement, and are equally divided in opinion upon the principal question involved therein, to wit, whether the plaintiffs, by their complaint, show themselves entitled to assert a proprietary claim or interest in the alleged device or trade-mark, employed and used upon the boxes of cigars made by the Cigar-Makers' Protective Union.

The order appealed from will therefore be affirmed.